**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**SUNGJIN FO-MA, INC.,**

**CIVIL ACTION NO.  08-CV-12393**

    **Plaintiff/Counter-Defendant,**

**DISTRICT JUDGE PAUL D. BORMAN**
  **VS.**                      **MAGISTRATE JUDGE MONA K. MAJZOUB**

**CHAINWORKS, INC.,**

    **Defendant/Counter-Plaintiff.**

                             **/**

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART**
**DEFENDANT/COUNTER-PLAINTIFF'S MOTION TO COMPEL (DOCKET NO. 30)**

This matter comes before the Court on Defendant/Counter-Plaintiff's Motion to Compel filed

on May 28, 2009.  (Docket no. 30).  Plaintiff/Counter-Defendant filed a Response brief on June 15,

2009.  (Docket no. 35).  This matter was referred to the undersigned for decision pursuant to 28

U.S.C. § 636(b)(1)(A).  (Docket no. 31).  The parties' counsel appeared for hearing on these matters

on June 18, 2009.  The matter is now ready for ruling.

Plaintiff/Counter-Defendant Sungjin Fo-Ma, Inc. ("Plaintiff") is a South Korean company

which produces metal parts in South Korea.  Plaintiff also has an office in Jackson, Michigan.

Defendant/Counter-Plaintiff Chainworks, Inc. ("Defendant") provides its customers with globally

located warehouses and commercial support and resides in Jackson and Plymouth, Michigan.  The

claims arise from a series of contracts between the parties for the purchase of parts and for tooling.

(Docket no. 1).  Plaintiff brings claims for breach of contract, breach of implied contract, unjust

enrichment, and alleges an account stated balance of $942,778,50.  (Docket no. 1).  Defendant

counterclaims for breach of contract alleging unilateral price increases, wrongful termination, failure

to perform and breach of non-compete, tortious interference with contract or business expectancy and unjust enrichment.  (Docket no. 11).

Defendant brings its motion seeking complete answers to its Interrogatory Nos. 3, 4, 6, 7, 9, 11, 12, 13 and 14 and seeking to compel two depositions.  (Docket no. 30).  Defendant also sought an extension to respond to Plaintiff's Motion for Partial Summary Judgment.  The Court ruled on the extension issue and Defendant's Response is due September 3, 2009.  Plaintiff argues that it has offered to make documents available to Defendant, including invoices from steel suppliers, which would have contained most of the information which Defendant seeks.  At the hearing, counsel for the parties stated that they had resolved Interrogatory No. 11 and Plaintiff will serve an amended answer to Interrogatory No. 11 stating that it has no other responsive information.  The parties also agreed that Interrogatory No. 12 is resolved.

I.      **Defendants' Motion to Compel Seeking Complete Answers To Interrogatories**

Defendant served Interrogatories on Plaintiff on January 22, 2009.  After receiving an extension to respond, Plaintiff served answers on March 13, 2009.  Defendant alleges the answers are incomplete and/or evasive. (Docket no. 30).  Defendant alleges that Plaintiff's answers reference Plaintiff's Rule 26 documents which Plaintiff made available for inspection at Plaintiff's counsel's office and Defendant alleges that it reviewed the documents and they do not contain "much of the information requested in the Interrogatories."  (Docket no. 30 pg. 4 of 16).  Plaintiff agrees that Defendant's counsel spent April 16 at Plaintiff's counsel's office reviewing 10,747 documents and identified those it wanted copied.  Plaintiff's counsel also informed Defendant that it could make available invoices from steel suppliers and communications regarding payments to steel suppliers.  Plaintiff alleges that Defendant has not requested these documents.  Rather than address each

individual Interrogatory, the Court will address the overarching issues addressed in the briefs and at the hearing and reference specific interrogatories within each issue.

### A.     Defendant's Interrogatories Are Relevant

Rule 26(b) provides that a party "may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "An interrogatory may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). The interrogatories at issue ask for detailed information relating to the following topics: purchase of raw material including suppliers, contacts, pricing and contract information, any increase or decrease in raw material prices, identification of pieces or parts manufactured with the raw materials and sold to Defendant, costs per piece and profit per piece for goods sold to Defendant, raw materials costs and their allocation to Defendant and Plaintiff's other customers, actions taken to maintain or increase contract prices, the manner and formula for allocating raw material prices to customers, and changes in price based on exchange rates. Defendant argues that this information is relevant because it had fixed price contracts with Plaintiff and Plaintiff raised prices claiming that the price of raw materials had increased. Defendant also alleges that it will rely on a duress defense because Plaintiff is the only supplier of these particular goods within the automotive industry. The Court finds that the interrogatories seek information relevant to the claims and defenses in this action. Fed. R. Civ. P. 26(b).

The interrogatories at issue are further limited in scope because the parties agree that the only raw material at issue is steel. The Court finds that Defendant's requests for information from 2001

to 2008 is reasonably limited.  The alleged price increases occurred in 2004 and 2005 and Defendant

argues that it needs a historical perspective on the prices and increases.  Furthermore, Defendant

alleges that its prices for goods should have been decreased when the costs of raw materials

decreased sometime after 2005.  Therefore, the scope of time is limited to relevant information.

### B.      Plaintiff's Objections To Interrogatories

Plaintiff makes general objections in response to Interrogatory Nos. 3, 4, 6, 7, 9, 13 and 14

that the interrogatories are overly broad and unduly burdensome.  Such boilerplate or generalized

objections are tantamount to no objection at all.  *See Walker v. Lakewood Condominium Owners*

*Ass'n*, 186 F.R.D. 584, 587 (C.D.Cal.1999); *Carfagno v. Jackson Nat'l Life Ins. Co.*, 2001 WL

34059032 at *4 (W.D.Mich. Feb.13, 2001) ("The court strongly condemns the practice of asserting

boilerplate objections to every discovery request."). Therefore, although the objections were made

within the extension of time to respond, they were as though no objections were served at all.

Plaintiff also objects that Interrogatory Nos. 3, 6, 7, 9, 13 and 14 seek information that is

confidential, proprietary and/or constitutes trade secrets.  Plaintiff has neither filed a motion for

protective order nor shown good cause for issuing a protective order, or provided any other basis

for sustaining these objections; therefore those issues are not before the Court and the Court will

order Plaintiff to answer the Interrogatories in full.  Fed. R. Civ. P. 26(c).

With respect to Plaintiff's objection that Interrogatory Nos. 7 and 9 are duplicative of

Interrogatory No. 3, the Court finds that Interrogatory No. 7's limitation to months in which a price

was assessed which was greater than the price stated in the original quote or purchase order with

Chainworks differentiates Interrogatory Nos. 3 and 7 and it is relevant.

Interrogatory No. 9 seeks identification, by item number as it appears on Defendant's purchase orders, of the per piece profit on goods sold to Chainworks between 2001 and 2008 and, "[t]o the extent profit varied on different shipments or in different months, please specify the profit on each shipment or in each month." (Docket no. 30-3).  The Court finds that the first part of this Interrogatory is duplicative of Interrogatory Nos. 3(C) and 3(E) which ask Plaintiff to "[d]escribe any piece or part manufactured with the raw materials by the part number appearing on Chainworks's purchase order for that part" and "[s]tate your profit per piece on the resale of any goods manufactured from the raw materials which you sold to Chainworks."  Plaintiff has answered Interrogatory No. 9 in part by providing a chart of price profits at the time of quoting, listed by part number.  The Court will therefore order Plaintiff to answer Interrogatory No. 9 limited to shipments or months in which the profit varied, which is not duplicative.

**C.      Sub-parts Must Be Responded To In Full**

"Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."  Fed. R. Civ. P. 33(b)(3).  Interrogatory Nos. 3, 4, 13 and 14 contain subparts.  Plaintiff's answers are in narrative form, contain multiple boilerplate objections and it is unclear which subparts have been answered in full and for which subparts Plaintiff has no information.  The Court will order Plaintiff to amend its answers to Interrogatory Nos. 3, 4, 13 and 14 so that each subpart is responded to separately and fully with the information specific to that subpart or will state that it does not have the responsive information.

**D.      Whether It is Unduly Burdensome to Determine Which Steel Shipments Were Used For Products Manufactured For Defendants**

In response to Interrogatory Nos. 3 and 4 Plaintiff objected that it is unduly burdensome to determine which steel shipments were used for each shipment of products manufactured for

5

Defendant and that it is beyond the scope of any obligation Plaintiff has to provide the information. Plaintiff alleges that different shipments of steel could be used to make a single delivery of parts. (Docket no. 35).  Plaintiff alleges that Defendant is requesting very specific cost information for approximately 36,000,000 parts that were shipped from 2001 to 2008.  Plaintiff also alleges that it did not have written contracts with its steel suppliers prior to 2007 and it has supplied Defendant with three contracts written in Korean.

Defendant, in essence, seeks information about raw material costs in relation to prices of the manufactured parts.  While Plaintiff's counsel's explanation is plausible that different batches of raw material end up in different parts over time, it is less plausible that Plaintiff maintains no record whatsoever of costs for raw materials or the cost basis for the goods it manufactures and sells, whether such records track costs by month, year, parts, or in another manner.  *See generally Laserdynamics, Inc. v. Asus Computer International*, 2009 WL 153161, at \*3 (E.D. Tex. Jan. 21, 2009) (Where the defendant alleged that it "cannot provide the request information because it does not track costs on a fixed or variable basis," the court ordered the defendant "to produce business documents that reflect, either directly or indirectly, its costs basis for each accused product.").  The Court will order Plaintiff to answer the interrogatories related to raw material costs and per piece profit set forth in Interrogatory Nos. 3 and 4 by providing the requested information or, if that is not available, so stating and providing information that reflects the cost basis or profit requested, and if that is not available, simply state that it does not have the information.

### E.      Plaintiff's Reliance on Rule 33(d) Option To Produce Business Records

In partial response to Interrogatory Nos. 3, 4 and 9 Plaintiff relied on the option to produce business records under Fed. R. Civ. P.  Rule 33(d).  Fed. R. Civ. P. 33 offers the option to produce

business records in response to an interrogatory "[i]f the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party."  Fed. R. Civ. P. 33(d).  The Rule 33 Option To Produce Business Records requires that the responding party specify "the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could."  Fed. R. Civ. P. 33(d)(1).

Plaintiff's answers do not comply with the specific requirements of Fed. R. Civ. P. 33(d). In answer to Interrogatory Nos. 3 and 4 Plaintiff states that some of the information requested in the Interrogatory "is contained in documents that have been made available as part of the Rule 26 disclosures or as produced in connection with Plaintiff's Response to Chainworks' First Request for Production of Documents" and that "[b]eginning in approximately March 2007, Plaintiff had contracts with its steel suppliers." In answer to Interrogatory No. 3 Plaintiff states that "the contracts did not set forth firm prices for steel."   In answer to Interrogatory No. 4 Plaintiff states that "Chainworks may determine the terms of those contracts pursuant to Fed. R. Civ. P. 33(d)."  In answer to Interrogatory No. 3 Plaintiff also states that "[a]dditionally, Plaintiff has invoices from steel suppliers and communications regarding payment all written in Korean." In partial answer to Interrogatory No. 9 Plaintiff "directs Chainworks to see the answers to the above Interrogatories, including Interrogatory No. 3."

Plaintiff did not specify which of the disclosure documents are responsive to which subsection or portion of Defendant's Interrogatories.  Plaintiff did not specify which portions of the contracts answer which subparts of the interrogatories.  Furthermore, to the extent Plaintiff offers

to make available the steel invoices, including some written in Korean, the requirements of Rule

33(d) are not met.  Plaintiff's counsel elaborated at the hearing by describing the documents from

which Defendants could derive the answers as including approximately two bankers' boxes of steel

invoices, at least some of which are written in Korean.  With respect to Plaintiff's offer to make steel

invoices available, as in *T.N. Taube Corp. v. Marine Midland Mortgage Corp.*, Plaintiff "has

repeatedly offered only to make unspecified documents available for inspection and copying." *T.N.*

*Taube Corp. v. Marine Midland Mortgage Corp.*, 136 F.R.D. 449, 455 (W.D.N.C. 1991).

"[D]irecting the opposing party to an undifferentiated mass of records is not a suitable response to

a legitimate request for discovery." *T.N. Taube Corp.*, 136 F.R.D. at 455 (citation omitted).  The

Court finds that Plaintiff did not meet Rule 33's requirements regarding specificity.

Next, the burden of deriving the information or ascertaining the answer from the records

must be substantially the same for either party.  Because Plaintiff is referring to a large number of

generally identified documents and failed to specify which documents respond to which

interrogatories and their subparts, the burden on Defendants would be much greater than that on

Plaintiff corporation, which should be familiar with its own documents.  Similarly, the financial cost

of reviewing the documents would also be more for Defendant than for Plaintiff, at least in part due

to Defendant's lack of familiarity with the documents and the lack of specificity in Plaintiff's

identification of the same.

Plaintiff argues that it is equally burdensome for Plaintiff to translate the documents as for

Defendants.  While the Court could come to the same conclusions set forth herein and decide this

issue without reaching the question of who should bear the cost of translating the documents which

are written in Korean, the Court will address that issue with respect to burden.  Plaintiff's argument

that Defendants should bear the burden of translation to examine the responsive documents ignores

the fact that this issue is not before the Court on a Request for Production, but by way of

Interrogatories[1]. Despite Plaintiff's argument that it does not have an employee with the language

skills necessary to produce complete English translations of the documents without great burden,

Plaintiff can readily refer to the documents and extract the information necessary to provide an

English language answer to Defendant's interrogatories. *See E. & J. Gallo Winery v. Cantine Rallo,*

*S.p.A.*, 2006 WL 3251830 at *3 (E.D.Cal. Nov. 8, 2006) (The court found that "[b]ased on the

volume of documents identified, and the repeated reference to the same documents in responding

to all of the interrogatories," it would be less burdensome for the responding party, "who is far more

familiar with its records and business, to provide the responses to the interrogatories based on the

documents, than for [the requesting party] to attempt to ferret the information from the various

documents.").

Plaintiff's counsel stated at the hearing that there is information in the South Korean

documents which is relevant. The burden on Defendant would be great if Defendant has to translate

each document, assuming that some part of some of the documents is responsive to an as yet

unidentified subpart of each of these three interrogatories. The Court finds that Defendant has

shown that the "burden of deriving or ascertaining the answers is not substantially the same for both

parties." *T.N. Taube Corp.*, 136 F.R.D. at 453 (citing 4A MOORE'S FEDERAL PRACTICE ¶ 33.25 (2d

---

[1] Plaintiff relies on three cases for the premise that the requesting party should bear the burden of the cost of translating documents from a foreign language. *See In Re: Puerto Rico Elec. Power Auth.*, 687 F.2d 501 (1st Cir. 1982); *Cook v. Volkswagen of America*, 101 F.R.D. 92 (S.D.W.Va. 1984); *In Re. Korean Air Lines Disaster of Sept. 1, 1983*, 103 F.R.D. 357 (D.D.C. 1984). All the cases arose in the context of Rule 34 Requests for Production. The Court will not extend this rule to responses to interrogatories in this instance where the requirements to rely on Rule 33(d)'s option to produce business records have not been met in any respect.

ed. 1990)).  Defendant has provided legal support for this finding even when the records are in a foreign language.  *See generally Laserdynamics, Inc.*, 2009 WL 153161 (responding party tried to answer an interrogatory by producing an organizational chart "written in a foreign language" and the court ordered the responding party to provide a full and complete narrative response).  In *E. & J. Gallo Winery*, the court pointed out that "[n]ormally, in responding to a request for production of documents, the requesting party would bear the cost of translating documents written in a foreign language.  However, here, [defendant] Rallo has made the decision to produce the documents in lieu of responding to an interrogatory, which imposes the duty on Rallo to provide documents from which the response to the interrogatory is clearly ascertainable."  *E. & J. Gallo Winery*, 2006 WL 3251830 at *5.  Although the *E. & J. Gallo Winery* court ordered the parties to share the costs of translation, this is distinguishable from the instant case because in *Gallo* there was an argument that the plaintiff had agreed to share the costs of translation and the court noted that "translation of these documents appears to be in the interest of both parties."  *Id.* at *5.

For these reasons, the Court will order Plaintiff to provide straightforward and full answers, by specific subpart, to Interrogatory Nos. 3, 4 and 9 (in which Plaintiff's answer references Interrogatory No. 3) where Plaintiff referenced steel contracts, steel invoices, Rule 26 disclosure documents and or its responses to Request for Production as the source for the information.

**II.   Defendant/Counter-Plaintiff's Request To Compel Depositions Of Y.S. Kim And A Rule 32(b) Deponent**

On April 20, 2009 Defendant's attorney served Notices of Deposition for Y.S. Kim to be deposed on May 13, 2009 and a 30(b)(6) deponent on behalf of Plaintiff to be deposed on May 14, 2009. (Docket no. 30-4).  Plaintiff's counsel adjourned the dates and Defendant alleges he inquired three additional times for new deposition dates.  The parties have provided a series of email

correspondence regarding attempts to procure dates for the depositions.  Plaintiff argues that on May 22, 2009 it provided to Defendant's counsel two sets of three consecutive days for the depositions of Y.S. Kim and the 30(b)(6) designee, Plaintiff Sungjin's president, Mr. Sohn.  (Docket no. 35 at 7).  The dates were June 17-19 and June 24-26.  At that time, Plaintiff was willing to make Mr. Sohn available for deposition in the United States.  (Docket no. 35).

There is no argument that these deponents are not relevant or that the depositions are unduly burdensome or otherwise should not occur.  There is no argument regarding where the depositions should occur.  Fact discovery does not close until July 15, 2009 and the Notices were served well before this date.  (Docket no. 26).  The Court will order that Mr. Kim and Mr. Sohn will appear for deposition on dates mutually agreeable to the parties and occurring on or before August 31, 2009 as set forth in more detail below.

The Court will decline to award sanctions and expenses at this time on all issues.  Fed. R. Civ. P. 37(a)(5)(A).

**IT IS THEREFORE ORDERED** that Defendant/Counter Plaintiff's Motion to Compel (docket no. 30) is **GRANTED** in part and Plaintiff must serve amended answers as follows on or before July 31, 2009:

      a.      Plaintiff will answer Interrogatory Nos. 3, 4, 13 and 14 separately and fully, including specific responses to each subpart, in compliance with Fed. R. Civ. P. 33(b)(3);

      b.      Plaintiff will answer Interrogatory Nos. 3, 4, 6, 7 and 9 fully with substantive information and where information is not available, Plaintiff will state that no

information is available.  Interrogatory No. 9 is limited to months or shipments in which profit varied as set forth above; and

c.      Plaintiff will amend its answer to Interrogatory No. 11 and state that it has no further information responsive to this Interrogatory.

**IT IS FURTHER ORDERED** that Y.S. Kim and the Fed. R. Civ. P. 30(b)(6) deponent, Mr. Sohn, will appear for deposition on dates mutually agreeable to the parties occurring on or before August 15, 2009 at the office of Plaintiff's counsel in Bloomfield Hills, Michigan.  Each deposition will be completed in one day of not to exceed  seven hours.

**IT IS FURTHER ORDERED** that Defendant's request for attorneys fees and costs is **DENIED.**

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: July 08, 2009                        s/ Mona K. Majzoub
                                            MONA K. MAJZOUB
                                            UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: July 08 , 2009                       s/ Lisa C. Bartlett
                                            Courtroom Deputy

12